**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ENOMEN J. OKOGUN,<br><br>Plaintiff,<br><br>v.<br><br>TRUSTEES OF PRINCETON UNIVERSITY d/b/a PRINCETON UNIVERSITY,<br><br>Defendant. | Civil Action No. 21-18957 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendant Trustees of Princeton University d/b/a Princeton University's (the "University") Motion to Dismiss. (ECF No. 8.) Pro se Plaintiff Enomen J. Okogun ("Okogun") opposed (ECF No. 9), and the University replied (ECF No. 10). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Defendant's Motion.

**I.   BACKGROUND**

The Court gleans from Okogun's 100-page, 842-single-spaced-paragraphs Complaint that on innumerable occasions from 2017 through 2021, Okogun had interactions with officers from Princeton University's Department of Public Safety ("DPS") on the University's campus. (*See generally* Compl., ECF No. 1.) Okogun alleges that as a result of these interactions, DPS violated his federal and state constitutional rights when it issued him what Princeton University calls Short-Term Persona-Non-Grata (i.e., No-Trespass) Notices and when it subjected him to harassment, intimidation, and general abuse. (*See generally id.*) Okogun further avers that DPS officers

violated his rights under the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, the New Jersey Civil Rights Act (the "NJCRA"), and the Civil Rights Act of 1964. (*Id.* ¶¶ 4-8.) Okogun brings the instant Complaint against the University. (Id. ¶ 4.) Okogun alleges six causes of action, although most do not articulate under which right Okogun is alleging the cause of action. (*See generally* Compl.) Okogun seeks unenumerated compensatory damages and other relief. (*Id.*)

Okogun filed the Complaint in New Jersey Superior Court sometime in 2021.[1] On October 18, 2021, the University removed the Complaint to this Court. On November 15, 2021, the University filed its Motion to Dismiss.

## II. **LEGAL STANDARD**

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),[2] the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Importantly, on a Rule 12(b)(6) motion to dismiss, "[t]he defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

---

[1] Plaintiff claims he filed the Complaint on July 28, 2021. (Pl.'s Opp'n Br. 1, ECF No. 9.) The Complaint, however, indicates that the document was not filed until September 15, 2021.

[2] Unless otherwise noted, all references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Thus, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

With the above principles in mind, the Court finds that Okogun's Complaint fails to comply with Rule 8. At bottom, Rule 8(a)(2) requires any complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d) similarly requires each allegation in a pleading to be "simple, concise, and direct." Fed. R. Civ. P. 8(d). Stated more plainly, Rule 8 "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

Okogun's Complaint is the antithesis of what Rule 8 requires. The Complaint "is as detailed as it is rambling and confusing." *Pilkey v. Lappin*, No. 05-5314, 2006 WL 1797756, at *1 (D.N.J. June 26, 2006). The factual allegations cross multiple years, although the Court gleans no method to the Complaint's organization. It meanders back and forth between "facts relevant to Plaintiff's circumstances" and background information for which the Court strains to find any purpose. *Hedrick v. United States*, No. 20-1730, 2020 WL 6391192, at *3 (D.N.J. Nov. 2, 2020), *dismissed sub nom., Hedrick v. USA*, No. 20-3329, 2021 WL 5778467 (3d Cir. Nov. 30, 2021). Ultimately, the pertinent facts and timeline of events are nearly impossible to discern. For example, Okogun alleges that on several occasions, DPS officers parked nearby him and "[left] their front lights on

high beam, shining right into my face." (Compl. ¶ 789.) But Okogun goes no further to allege how this action violated any of his rights.

Far worse, Okogun makes no attempt to specifically allege facts that would support the elements of his causes of action. At the outset, Okogun claims that Princeton University violated his First, Fourth, Fifth and Fourteenth Amendment Rights. (*Id.* ¶¶ 4-8.) He further invokes his rights that "include but [are] not limited to, freedom of speech, freedom of association, freedom to be secure against unreasonable search and seizures, the right to remain silent, the right to due process against arbitrary deprivation of liberty, as well as the right to equal protection under the law." (*Id.* ¶ 7.) But instead of alleging which facts support each of his causes of action, the Court is left to decipher which allegations potentially support each cause of action, and which facts are simply information to contextualize the Complaint. Even though pro se complaints are to be construed liberally, pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure." *Gagliardi v. Fisher*, 513 F. Supp. 2d 457, 470 (W.D. Pa. 2007). Okogun's Complaint must still give the University "fair notice" of his claims and the grounds on which they rest. *Schulsinger v. Perchetti*, No. 15-5752, 2017 WL 3579207, at *4 (D.N.J. Aug. 18, 2017), *aff'd*, 724 F. App'x 132 (3d Cir. 2018). As currently constructed, it does not.

To be sure, the Court is sympathetic to Okogun's pro se status, and to the fact that he attempts to detail several interactions with DPS officers over the course of several years. But at this juncture, the Court cannot meaningfully address the Complaint or the University's Motion based on Okogun's allegations. Permitting Okogun to proceed on the Complaint would place an unjustified burden on both the University and this Court. Indeed, Rule 8 authorizes dismissal of pleadings significantly shorter than the instant Complaint. *See, e.g., Jackson v. Sec'y Pa. Dep't of Corr.*, 438 F. App'x 74, 75 (3d Cir. 2011) (affirming dismissal of complaint consisting of

"approximately fifty pages of rambling allegations, presented mostly in single-paragraph style, often with each paragraph spanning several pages").

Rule 15(a)(2) requires the Court to grant leave to amend a pleading "when justice so requires," unless amendment would be "inequitable or futile." *See Phillips*, 515 F.3d at 236. The Court will permit Okogun the opportunity to file an amended complaint that complies with Rule 8 within thirty days. Such pleading should contain a short and plain statement limited to necessary facts and must explain which specific facts support each alleged cause of action.[3]

## IV.   CONCLUSION

For the foregoing reasons, the Court grants the University's Motion. The Court will enter an Order consistent with this Memorandum Opinion.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[3] The District Court for the District of New Jersey publishes a Procedural Guide for Pro Se Litigants that is available online at: http://www.njd.uscourts.gov/sites/njd/files/ProSeGuide.pdf. The form complaint contained therein may assist Plaintiff in filing an amended complaint.