**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ENOMEN J. OKOGUN,<br><br>      Plaintiff,<br><br>    v.<br><br>TRUSTEES OF PRINCETON UNIVERSITY,<br><br>      Defendant. | Civil Action No. 21-18957 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court upon Defendant Trustees of Princeton University d/b/a Princeton University's (the "University") Motion to Dismiss pro se Plaintiff Enomen J. Okogun's ("Okogun") Amended Complaint. (ECF No. 19.) Okogun opposed (ECF No. 20), and the University replied (ECF No. 21). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants the University's Motion.

**I. BACKGROUND**

  Okogun's original 100-page Complaint detailing his various interactions with officers from the University's Department of Public Safety ("DPS") from 2017 through 2021 alleged violations of his federal and state constitutional rights. (ECF No. 1-1; *Okogun v. Trs. of Princeton Univ.*, No. 21-18957, 2022 WL 2347168, at *1 (D.N.J. June 29, 2022).) In its June 2022 Memorandum Opinion dismissing that Complaint (the "June Dismissal"), the Court found that Okogun failed to

comply with Federal Rule of Civil Procedure 8,[1] particularly with Rule 8(a)(2), which requires any complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Okogun*, 2022 WL 2347168, at *2 (quoting Fed. R. Civ. P. 8(d)).[2] The Court permitted Okogun the opportunity to file an amended complaint that complied with Rule 8 within thirty days. *Okogun*, 2022 WL 2347168, at *3. Now, Okogun returns to the Court with an 88-page Amended Complaint, largely realleging the same facts detailed in the June Dismissal. (*See generally* Am. Compl., ECF No. 15.) Having been here before, the Court incorporates its factual and procedural background section from the June Dismissal and adds only additional details where appropriate and necessary to decide the instant Motion. *See generally Okogun*, 2022 WL 2347168, at *1.

From what the Court gathers from Okogun's Amended Complaint, Okogun alleges that DPS violated his federal and state constitutional rights when it issued a Short-Term Persona-Non-Grata ("PNG"), essentially a no-trespass notice, on three separate occasions spanning from 2018 until 2020. (Am. Compl. ¶¶ 23, 61-62, 108-09, 172-94.)[3] He further asserts that the University and DPS acted with racially discriminatory motives "by pressuring the 'new general manager' of Princeton Wawa to restrict [Okogun's] access to the Wawa [s]tore, a public accommodation under [the New Jersey Law Against Discrimination]." (*Id.* ¶ 214.) Okogun alleges, among other things, that these incidents violated his First, Fourth, Fifth, Eighth, and Fourteenth

---

[1] Hereafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

[2] The Court dismissed the Complaint for lack of brevity, an indiscernible timeline, and failure to allege facts supporting the elements of Okogun's relevant claims. *Id.* at *2-3.

[3] The Court liberally construes Okogun's Amended Complaint and accepts all well-pleaded facts as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (citing *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Amendment rights under the U.S. Constitution and their New Jersey State Constitution counterparts under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act. (*Id.* ¶¶ 62-86, 200-53.) In total, Okogun alleges thirty-two causes of action, ranging from defamation to conspiracy—far expanding the six causes of action presented in the original Complaint. (*Id.*; *see Okogun*, 2022 WL 2347168, at *1.)

On September 12, 2022, the University filed the instant Motion to Dismiss, contending that Okogun failed to (1) file one or more of the claims timely under the applicable statute of limitations, (2) state a claim relating to federal and state constitutional violations, (3) identify a basis for imposing vicarious liability under the *Monell* doctrine, and (4) state a claim for his defamation, discrimination, and conspiracy claims. (Def.'s Moving Br. 1-2, ECF No. 19.) The Motion is ripe for resolution.

**II.    LEGAL STANDARD**

The pleading standard under Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). "Each averment must be 'simple, concise, and direct.'" *Binsack v. Lackawanna Cnty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (quoting Fed. R. Civ. P. 8(d)(1)).

When considering a motion to dismiss pursuant to Rule 12(b)(6), a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 201f1). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most

favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

When a plaintiff is proceeding pro se, "the complaint is 'to be liberally construed,' and, 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Walsh v. Household Fin. Corp. III*, No. 15-4112, 2016 WL 6826161, at *2 (D.N.J. Nov. 17, 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). A pro se litigant, however, "is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010). Thus, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

III.   **DISCUSSION**

Okogun's second opportunity to file a well-pleaded complaint falls short of the pleading standard required by Rule 8, much like the original Complaint. As mentioned, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court holds complaints filed by pro se plaintiffs to a lesser standard, pleadings

4

must still be "straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Grast v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); *see also Walsh*, 2016 WL 6826161, at *2.

Here, the Amended Complaint unsuccessfully raises thirty-two causes of action against the University. (Am. Compl. 62-86.) Okogun makes barely any attempt to connect his sixty pages of pleaded facts to the causes of action, and his amendments fail to offer much-needed clarity. For example, Okogun adds information about his conversations with "famous shoe designer Stuart Weitzman" and other "distinguished speakers" whose events Okogun "frequently and actively attended" on the University's campus. (*Id.* 21-23; *see* Def.'s Moving Br. 11-12.) This "new" information does not provide the University or the Court with notice of his claims nor the grounds upon which they rest, as is required under Rule 8.

Seemingly in anticipation of the Court's confusion, Okogun instead relies primarily on "Footnote #4" to do the work for him. For nine causes of action, the sole factual basis provided states: "[a]s previously outlined above in Count #[]. And, please see Footnote #4." (Am. Compl. ¶¶ 201-02, 223, 225-26, 229, 231-32, 253.) In fact, each of Okogun's causes of action includes the language: "[p]lease see Footnote #4." (*See generally id.*) What does this Hail-Mary footnote provide? "Court personnel reviewing [p]ro [s]e pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." (*Id.* ¶ 4 n.4 (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 340 (3d Cir. 2011)); *see also, e.g., id.* ¶ 233.) While this may be true, at the end of the day, pro se plaintiffs are not "absolved" from complying with federal pleading standard. *See Thakar*, 372 F. App'x at 328. And "[n]either the Court nor [the University] should be required to guess which particular claims are being asserted on the basis of which events and/or to sift through the allegations to piece together those

5

claims." *Friedfertig Fam. P'ship 2 v. Lofberg*, No. 13-1546, 2013 WL 6623896, at *3 (D.N.J. Dec. 13, 2013); *see also Cevdet Aksut Ogullari Koll. Sti v. Cavusoglu*, No. 14-3362, 2018 WL 482453, at *8 (D.N.J. Jan. 19, 2018), *aff'd sub nom. Cevdet Aksut Ve Ogullari Koll.Sti v. Cavusoglu*, 756 F. App'x 119 (3d Cir. 2018) (explaining that it is plaintiff's duty to prosecute his or her case). Yet Okogun has asked the Court and the University to play exactly this guessing game. (*See* Def.'s Moving Br. 11 (explaining the University's confusion with respect to the factual basis for Okogun's causes of action).) Or, perhaps, "math problem," rather than guessing game, is a more apt analogy for the situation presented, given that half of Okogun's opposition brief is made up of nonsensical equations, with Okogun demanding that the Court and the University "do a little algebra first." (*See* Pl.'s Opp'n Br. 8-12, ECF No. 20.) Indeed, Okogun's failure to engage substantively with any of the University's arguments constitutes waiver. *See, e.g., Pers. v. Teamsters Loc. Union 863*, No. 12-2293, 2013 WL 5676802, at *2 (D.N.J. Oct. 17, 2013) ("Failure to raise legal arguments in opposition to a motion to dismiss results in waiver."). In sum, Okogun fails to state a claim in a short and plain statement, which does not satisfy Rule 8; the Amended Complaint fails to provide proper notice of the grounds for the causes of action; and Okogun fails to substantively engage with the University's Motion. The Court, consequently, finds dismissal warranted. *See Twombly*, 550 U.S. at 555.

      Still, the Court acknowledges the contents of "Footnote #4" and Okogun's effort, and has, accordingly, sorted through the Amended Complaint to assess whether Okogun has stated a claim upon which relief could be granted. Relating to his causes of action, Okogun seeks various forms of damages, such as punitive and compensatory damages, as well as attorney's fees and permanent injunctive relief enjoining the University from restricting, banning, or issuing PNG notices to members of the public in public accommodations that the University neither owns nor operates.

(Am Compl. ¶¶ 254-55.) But after attempting to make sense of which facts support which claims, the Court finds the claims to be without merit. Okogun asserts the vast majority of his claims, for instance, under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments and the New Jersey Civil Rights Act. (*See generally, e.g., id.*)

To state a valid claim under either 42 U.S.C. § 1983 or the New Jersey Civil Rights Act, a plaintiff must demonstrate two elements. First, a plaintiff "must establish that the defendant acted under color of state law," and second, that the plaintiff has been deprived of "a right secured by the Constitution." *Malleus*, 641 F.3d at 563 (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Even assuming the officers of the DPS were acting under color of state law in all respects, Okogun has failed to state a claim because he has not sufficiently alleged that the University took any action resulting in a deprivation of his Constitutional rights.

By his own account of his encounters with DPS, Okogun was asked to comply with University rules applicable to all non-members of the University community. (*See generally* Am. Compl.) Therefore, the Court cannot draw from the alleged facts any deprivation of Okogun's legally protected rights. As one telling example, Okogun alleges that "the [University] and its representatives on July 30, 2019 subjected me to a discriminatory, capricious and arbitrary decision that deprived me of due process[.]" (*Id.* ¶¶ 200-02.) Yet Okogun fails to explain how the deprivation of due process occurred, apart from vague allegations referenced elsewhere in the Amended Complaint that he was denied the opportunity to respond to "false accusations" of harassment before being issued a PNG; Okogun fails to reckon with basic facts, such as who made the "false accusations" in the first place. (*Id.* ¶¶ 111-12; *see* Def.'s Moving Br. 22.) Okogun's other claims fare no better. To fully paint the picture, for his ninth cause of action, Okogun asserts, "As a public accommodation, as recognized by the State of New Jersey, the [University] repeatedly

established discriminatory motives against my person, in the October 2018 meeting with Mr[.] Creegan, and which when brought to the attention of [the University]'s leadership[,] [they] did nothing about it." (*Id.* ¶ 210.) What those "discriminatory motives" are, however, are left to the Court and opposing counsel's imagination. Although the Court construes the factual allegations in the light most favorable to Okogun, it is not required to recognize factually unsupported allegations. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Therefore, the Amended Complaint fails pursuant to Rule 8(a) and must be dismissed pursuant to Rule 12(b)(6).

Once more, as in the June Dismissal, the Court wishes to acknowledge its understanding of Okogun's pro se status. *See Okogun*, 2022 WL 2347168, at *3. Nonetheless, at this juncture, the Court once more cannot meaningfully address the Amended Complaint based on Okogun's allegations. Rule 15(a)(2) requires the Court to grant leave to amend a pleading "when justice so requires," unless amendment would be "inequitable or futile." *See Phillips*, 515 F.3d at 236. The Court will permit Okogun one final opportunity to file an amended complaint that complies with Rule 8 within thirty days. Such pleading should contain a short and plain statement limited to the necessary facts and must explain which specific facts support each alleged cause of action. The Court highlights footnote three of the June Dismissal, which links to a procedural guide for pro se litigants that Okogun may find helpful. *See Okogun*, 2022 WL 2347168, at *3 n.3.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court grants the University's Motion to Dismiss. The Court will enter an Order consistent with this Memorandum Opinion.

/s/ M. A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**