**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ENOMEN J. OKOGUN,<br><br>                Plaintiff,<br><br>      v.<br><br>TRUSTEES OF PRINCETON UNIVERSITY,<br><br>                Defendant. | Civil Action No. 21-18957 (MAS) (JBD)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

       This matter comes before the Court upon Defendant Trustees of Princeton University d/b/a Princeton University's (the "University") Motion to Dismiss pro se Plaintiff Enomen J. Okogun's ("Okogun") Second Amended Complaint (ECF No. 28), and Okogun's Motion for Recusal (ECF No. 30). Okogun opposed the Motion to Dismiss (ECF No. 32), and the University replied (ECF No. 33). The University opposed the Motion for Recusal (ECF No. 31), and Okogun replied (ECF No. 34). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants the University's Motion to Dismiss and denies Okogun's Motion for Recusal.

**I.     BACKGROUND**

       Okogun's original 100-page Complaint detailing his various interactions with officers from the University's Department of Public Safety ("DPS") from 2017 through 2021 alleged violations of his federal and state constitutional rights. (Compl., ECF No. 1-1); *Okogun v. Trs. of Princeton Univ.*, No. 21-18957, 2022 WL 2347168, at *1 (D.N.J. June 29, 2022). In its June 2022

Memorandum Opinion dismissing that Complaint (the "June Dismissal"), the Court found that Okogun failed to comply with Federal Rule of Civil Procedure 8,[1] particularly with Rule 8(a)(2), which requires any complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Okogun*, 2022 WL 2347168, at *2 (quoting Fed. R. Civ. P. 8(a)(2)).[2] The Court permitted Okogun the opportunity to file an amended complaint that complied with Rule 8 within thirty days. *Okogun*, 2022 WL 2347168, at *3.

Okogun returned to the Court with an 88-page Amended Complaint, largely realleging the same facts detailed in the June Dismissal. (*See generally* Am. Compl., ECF No. 15.) The Court again found that Okogun failed to comply with Rule 8(a)(2) in its January 2023 Memorandum Opinion dismissing the Amended Complaint (the "January Dismissal"), noting that despite the lesser standard required for pro se plaintiffs, Okogun failed to provide facts supporting his claims. (*See* Jan. Dismissal 3, 8, ECF No. 22.) Nonetheless, the Court permitted Okogun one final opportunity to file an amended complaint that complied with Rule 8. (*Id.* at 8.)

In his third bite of the apple, Okogun returns to the Court with a 160-page Second Amended Complaint. (*See generally* Second Am. Compl., ECF No. 24). Having been here twice before, the Court incorporates its factual and procedural background from the more recent January Dismissal and adds only additional details where appropriate and necessary to decide the instant Motions. (*See generally* Jan. Dismissal.) The Second Amended Complaint largely restates the facts from the Amended Complaint, detailing Okogun's encounters with DPS and the surrounding circumstances of the three Short-Term Persona-Non-Grata ("PNG") notices he received. (*See generally* Second

---

[1] Hereafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

[2] The Court dismissed the Complaint for lack of brevity, an indiscernible timeline, and failure to allege facts supporting the elements of Okogun's relevant claims. *Id.* at *2-3.

Am. Compl.)³ Okogun alleges thirty-five causes of action, including federal and state violations of his constitutional rights, defamation, discrimination, conspiracy, and municipal liability for failure to supervise and intervene. (*See generally id.*)

On March 10, 2023, the University filed the instant Motion to Dismiss, contending that Okogun: (1) failed to comply with Rule 8 or this Court's prior opinions and orders; (2) alleged claims that are untimely under the applicable statute of limitations; (3) failed to state a claim under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments; (4) failed to state a claim for vicarious liability; (5) failed to state a claim for defamation; (6) failed to state a claim for violation of the New Jersey Law Against Discrimination; and (7) failed to state a claim for conspiracy. (*See generally* Def.'s Moving Br., ECF No. 28-1.)

For his part, Okogun contends that the Court "has shown itself . . . to be prejudiced and biased against [him], and has also conducted its duties in an abrasive and even '*abusive*' manner." (Second Am. Compl. ¶ 482 (emphasis in original).) On March 24, 2023, Okogun filed the instant Motion for Recusal (*See generally* Pl.'s Moving Br., ECF No. 30-2.) Specifically, Okogun contends that the Undersigned displayed prejudice and bias against him, as well as manifest sympathy for the University. (*Id.* at 3.)

## II.     LEGAL STANDARD

### A.     Motion to Dismiss

The pleading standard under Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

³ The Court liberally construes Okogun's Second Amended Complaint and accepts all well-pleaded facts as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (citing *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

3

544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Each averment must be 'simple, concise, and direct.'" *Binsack v. Lackawanna Cnty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (quoting Fed. R. Civ. P. 8(d)(1)). Together, Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (citation omitted). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Kamdem-Ouaffo v. Huczko*, 810 F. App'x 82, 84 (3d Cir. 2020) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). The "statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Id.* (quoting *Salahuddin*, 861 F.2d at 42).

When considering a motion to dismiss pursuant to Rule 12(b)(6), a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On

4

a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

When a plaintiff is proceeding pro se, "the complaint is 'to be liberally construed,' and, 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Walsh v. Household Fin. Corp. III*, No. 15-4112, 2016 WL 6826161, at *2 (D.N.J. Nov. 17, 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). A pro se litigant, however, "is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010). Thus, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## B.    Motion for Recusal

In considering a motion for recusal, a district court judge is governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. *See United States v. Nobel*, 696 F.2d 231, 235 n.7 (3d Cir. 1982). Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A judge must also disqualify himself "[w]here he has a personal bias or prejudice concerning a party." § 455(b)(1). "Because [Section] 455(a) is intended to promote not only fairness to the litigants but also public confidence in the judiciary, a party seeking recusal need not demonstrate that the judge is actually biased, but rather that he would appear to be biased to 'a reasonable person, with knowledge of all the facts.'" *United States v. Jacobs*, 311 F. App'x 535, 537 (3d Cir. 2008). "A recusal motion must be based on 'objective facts,' not mere 'possibilities' and 'unsubstantiated allegations.'" *Id.* (quoting *United States v. Martorano*, 866 F.2d 62, 68 (3d Cir. 1989)).

## III. DISCUSSION

### A. The University's Motion to Dismiss

Okogun's third opportunity to file a well-pleaded complaint falls short of the pleading standard required by Rule 8, much like the original and Amended Complaint. As mentioned, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court holds complaints filed by pro se plaintiffs to a lesser standard, pleadings must still be "straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); *see also Walsh*, 2016 WL 6826161, at *2.

The allegations contained within Okogun's Second Amended Complaint are far from "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Instead of a "short and plain statement," Okogun attempts to provide factual bases for the vast majority of his thirty-five causes of action by asserting lengthy lists of paragraphs for the Court to make sense of throughout the 160-page Second Amended Complaint.[4] (*See e.g.*, Second Am. Compl. ¶¶ 285, 295, 300, 305, 310.) This unnecessary prolixity places a heavy burden on the Court and the University to decipher any relevant facts from a mass of verbiage. *See Kamdem-Ouaffo*, 810 F. App'x at 84. The length of the Second Amended Complaint alone is not enough to justify dismissal, but Okogun's method of supporting each cause of action by references to dozens of paragraphs containing further references to other documents makes it virtually impossible for the Court to gather what factual allegations support each cause of action. *See Parker v. Learn the Skills Corp.*, No. 3-6936, 2004 WL 2384993,

---

[4] The first cause of action Okogun provides consists of a long list of statements for his 42 U.S.C. § 1983 claim. (Second Am. Compl. ¶¶ 231-80.) Although different in form than the subsequent lists referencing paragraphs throughout the Second Amended Complaint, this manner of allegation presents the same hurdle of requiring the Court to guess which statements are relevant to the cause of action.

at *2 (E.D. Pa. Oct. 25, 2004) ("While a complaint's excessive length alone is not determinative for a Rule 8(a) dismissal, its excessive length compounded by a lack of clarity should deem it unacceptable." (citing *In re Westinghouse Sec. Litig.*, 90 F.3d at 703)).

Similar to his previous Amended Complaint, Okogun includes with each cause of action a request for the Court to "[p]lease see [f]ootnote #5." (*See generally* Second Am. Compl.) Footnote #5 provides: "Court personnel reviewing [p]ro [s]e pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." (*Id.* ¶ 7 n.5 (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 340 (3d Cir. 2011)); *see also, e.g., id.* ¶ 281.) While this may be true, at the end of the day, pro se plaintiffs are not "absolved" from complying with the federal pleading standard. *See Thakar*, 372 F. App'x at 328. And "[n]either the Court nor [the University] should be required to guess which particular claims are being asserted on the basis of which events and/or to sift through the allegations to piece together those claims." *Friedfertig Fam. P'ship 2 v. Lofberg*, No. 13-1546, 2013 WL 6623896, at *3 (D.N.J. Dec. 13, 2013); *see also Cevdet Aksüt Ogullari Koll. Sti v. Cavusoglu*, No. 14-3362, 2018 WL 482453, at *8 (D.N.J. Jan. 19, 2018), *aff'd sub nom. Cevdet Aksüt Ve Ogullari Koll.Sti v. Cavusoglu*, 756 F. App'x 119 (3d Cir. 2018) (explaining that it is plaintiff's duty to prosecute his or her case). Okogun's lengthy lists of paragraph references and footnote #5 still fail to provide the University and the Court with fair notice of what each claim is and the grounds upon which it rests. *See Twombly*, 550 U.S. at 555. Accordingly, the University's Motion to Dismiss is granted.

B. **Okogun's Motion for Recusal**

Okogun's Motion for Recusal of the Undersigned does not provide objective facts creating an appearance of impropriety to a reasonable person. First, Okogun challenges several legal standards used by the Court when evaluating his previous Complaints. (*See* Pl.'s Moving Br. 5-11.)

Okogun provides what legal standards he believes should have been used but fails to provide objective facts on how this creates an appearance of partiality from the Court. *See Jacobsen v. Hartford Ins. Co. Flood & Home (Sandy)*, No. 13-6910, 2017 WL 3749749, at *2 (D.N.J. Aug. 30, 2017) (denying a motion for recusal when plaintiffs' submission merely set forth reasons why plaintiffs believed the Court's decision was incorrect on the merits). Additionally, Okogun provides personal information related to the Undersigned and his family, none of which is relevant to this matter or would create the appearance of partiality to a reasonable person. *See In re Kensington Int'l Ltd.*, 368 F.3d 289, 303 (3d Cir. 2004) (holding that the appearance of impropriety must be viewed from the perspective of the objective, reasonable layperson). Accordingly, Okogun's Motion for Recusal is denied.

### IV.     CONCLUSION

For the foregoing reasons, the Court grants the University's Motion to Dismiss and denies Okogun's Motion for Recusal. The Court will enter an Order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE